UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-386-FDW

| JOSEPH BRIAN TARLETON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| HERB JACKSON, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 4), as to Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2254.

**I.  BACKGROUND**

Pro se Petitioner Joseph Tarleton is a prisoner of the State of North Carolina, who, on January 5, 2012, in Union County Superior Court, was convicted after trial by jury of two counts of first-degree statutory sexual offense of a child under the age of 13, five counts of indecent liberties with a child, and one count of disseminating obscenity to a minor under the age of 13, and was sentenced to 288-355 months imprisonment, in cases 04 CRS 50813, 50815-18, 5027-28, 5030.  On May 7, 2013, the North Carolina Court of Appeals filed an unpublished opinion finding no error, and on August 27, 2013, the North Carolina Supreme Court denied a petition for discretionary review.  State v. Tarleton, 741 S.E.2d 928, review denied, 747 S.E.2d 536 (2013).  Petitioner was represented at trial by Jon Arrowood and on appeal by Mark Montgomery.  Petitioner did not thereafter did not file a motion for appropriate relief in Union

1

County Superior Court. Instead, he filed the instant petition in this Court.

Petitioner placed the petition in the prison system for mailing on July 7, 2014, and the petition was stamp-filed in this Court on July 14, 2014. Petitioner brings the following claims in the petition: (1) the trial court's failure to exclude court reporter M.C. Trout from the 2012 proceedings violated Petitioner's constitutional rights because he had questioned her accuracy and objectivity as a stenographer in an MAR challenging a 2006 trial against him on other charges; (2) his request for a complete recordation was ignored in violation of his constitutional rights; (3) exculpatory evidence was withheld with no objection in violation of his constitutional rights; and (4) Petitioner's constitutional rights were violated because Officers Lynn Yow and Jeff Outen, who could have testified about "severe police misconduct" by other officers, were not called to testify. See (Doc. No. 1 at 5-10). Furthermore, in a handwritten attachment to his habeas petition, Petitioner sets forth 63 additional, one- or two-sentence conclusory grounds for relief, for a total of 67 claims. (Id. at 12-25).

On November 4, 2014, Respondent filed the pending motion for summary judgment. (Doc. No. 4). On November 5, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion. (Doc. No. 6). On November 21, 2014, Petitioner filed a response to the summary judgment motion. (Doc. No. 7).

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

> Prior to defendant's trial, he was indicted in 2004 for allegedly abusing his nieces (J.E.T. and M.E.) in addition to his nephew (J.T.), who is the victim in the current appeal. The cases were severed for trial. In 2006, defendant was tried for the crimes against his nieces and was convicted of nine counts of taking or

2

> attempting to take indecent liberties with a child and one count of disseminating obscenity to a minor under the age of 13.
>
> The evidence at trial for the crimes against J.T. tended to establish the following: J.T., when he was six or seven years old, spent almost every other weekend with defendant who, at the time, was living in a camper located outside J.T.'s aunt's house. When J.T. visited, he and defendant would usually sleep in the same bed. Defendant made J.T. masturbate him and perform oral sex on him. Defendant would also perform these acts on J.T. and would show J.T. pornographic images of women and children. J.T. testified that these acts occurred every time he spent the night with defendant and that each of these acts happened at least fifteen times over a period of approximately two years until J.T. was seven or eight years old, at which time he ceased visiting defendant.
>
> J.T. told no one about these acts until he was thirteen. At that point, J.T. told his mother something had happened, and, on 12 February 2004, she took him to the Union County Sheriff's Office where he described to Captain Cody Luke ("Captain Luke") what defendant had done to him. After the interview, Captain Luke obtained and served the warrant for arrest on defendant in the Union County jail. After defendant was read his Miranda rights, defendant invoked his right to remain silent.
>
> On 5 January 2012, the jury convicted defendant of five counts of taking indecent liberties with a child, two counts of first degree sexual offense, and one count of disseminating obscene material to a minor under the age of thirteen. Defendant was sentenced to a minimum of 288 months and maximum of 355 months to be served after the expiration of the sentence he was serving for the convictions of crimes against his nieces. Defendant timely appealed.

State v. Tarleton, 741 S.E.2d 928 (2013) (unpublished).

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier

3

of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

    **B. Section 2254 Standard**

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States

4

Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

### III. DISCUSSION

Section 2254(b)(1)(A) provides that a writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." To fully exhaust a claim, a petitioner must give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). In other words, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (en banc). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a state post-conviction proceeding in the trial court division and then petitioning the North Carolina Court of Appeals for a writ of certiorari. Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *11 (W.D.N.C. Dec. 28, 2010) (citing N.C. GEN. STAT. § 7A-31 and N.C. GEN. STAT. § 15A-1422).

5

This Court finds that this action must be dismissed because Petitioner's 67 grounds for relief are non-exhausted, and Respondent does not waive non-exhaustion. Petitioner admits in his Attachment 2 "Documentation of Exhaustion" that he has not filed a post-conviction MAR in this case, because he believes it would be "futile" and would result in an unfair and unconstitutional application of procedural bar. See (Doc. No. 1 at 26). He contends, alternatively, that he has exhausted state remedies and avoided the procedural bar by filing various pro se motions and petitions in the trial court, North Carolina Court of Appeals, and the North Carolina Supreme Court while his direct appeal was pending, seeking to add the numerous pro se claims. See (Id.). Petitioner is incorrect, as there is no constitutional right to hybrid representation. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (stating that there is no constitutional right to advisory counsel or hybrid representation); United States v. Beckton, 740 F.3d 303, 307 (4th Cir.) (same), cert. denied, 134 S. Ct. 2323 (2014). Therefore, none of Petitioner's pro se motions or petitions filed in the trial court, the North Carolina Court of Appeals, or the North Carolina Supreme Court, seeking to amend the record on appeal or to otherwise raise the additional 67 pro se claims while his direct appeal was still pending, could serve to properly exhaust state remedies with regard to those claims.[1] See 28 U.S.C. § 2254(b)(1)(A). Indeed, in a footnote in its decision finding no error, the North Carolina Court of Appeals dismissed all of the pro se motions brought by Petitioner because he was represented by counsel. See also Tarleton, 741 S.E.2d at 928 n.1 ("It should be noted that defendant, acting pro

---

[1] On direct appeal, the North Carolina Court of Appeals noted that Petitioner prematurely raised one ineffective assistance of counsel claim that could not be adjudicated on the cold record. As to that claim, Petitioner alleged that counsel was ineffective for failing to bring a claim for a speedy trial violation. The North Carolina Court of Appeals dismissed this claim without prejudice for Petitioner to raise it in a post-conviction MAR in the trial court.

se, has filed numerous motions and petitions in this matter including a "Motion for Judicial Notice" and a Petition for Writ of Certiorari. However, since defendant has appointed appellate counsel, defendant may not file motions or petitions on his own behalf. Accordingly, we dismiss all pro se motions and petitions.").

The Court further notes that Petitioner's pro se petition for discretionary review to the North Carolina Supreme Court was insufficient by itself to present his claims to the state courts for adjudication. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (holding that raising a claim for the first time in a discretionary petition to a state appellate court is insufficient to exhaust state remedies); Felton v. Barnett, 912 F.2d 92, 94 (4th Cir. 1990) (holding that a certiorari petition under North Carolina procedure, like a certiorari petition to the United States Supreme Court, is a discretionary petition and its denial is not adjudication of merits of claims but merely discretionary refusal to hear the case). Finally, the Court notes that, in his brief in response to the summary judgment motion and in response to Respondent's arguments regarding exhaustion of state remedies, Petitioner argues that he is actually innocent and that the North Carolina's "systemic misuse and abuse of N.C. GEN. STAT. [§] 15A-1419 in its current form" resulted in a violation of Petitioner's First Amendment right to petition the government for a redress of grievances. See (Doc. No. 7 at 8). Petitioner's explanation for his failure to exhaust state remedies is wholly without merit.

In sum, this Court will dismiss the petition for Petitioner's failure to exhaust his state remedies.[2] The dismissal will be without prejudice.

---

[2] Respondent also contends that if Petitioner were to return to state court and file a post-conviction MAR attempting to raise his current claims, the claims would be found to be procedurally barred under North Carolina's mandatory post-conviction procedural bar statute.

## IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment, and the petition will be dismissed without prejudice for failure to exhaust state remedies.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 4), is **GRANTED**, and the petition is dismissed without prejudice for failure to exhaust state remedies.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 24, 2014

Frank D. Whitney
Chief United States District Judge

---

According to Respondent, virtually all of Petitioner's 67 grounds for relief could have been raised on direct appeal, at least in their current one- or two-sentence conclusory form, with the exception of the ineffectiveness claim dismissed by the North Carolina Court of Appeals without prejudice to file an MAR in the trial court. Thus, Respondent contends that, alternatively, all of Petitioner's grounds for relief are procedurally barred. This Court declines to make an alternative finding as to procedural bar. Instead, the Court will leave it to the state MAR Court to parse out each of these claims to determine whether they are procedurally barred if Petitioner should attempt to bring them in a subsequent MAR.